UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

CAROLYN KNUDSEN,

    Plaintiff,

v.

CHARLES SCHWAB & CO., INC,
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, CAROLYN KNUDSEN ("Ms. Knudsen" or "Plaintiff") files this Complaint against Defendant, CHARLES SCHWAB & CO., INC, ("CS" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Orange County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her son's serious medical condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Knudsen worked for CS from December 05, 1994, until her termination on February 8, 2021.

8. for over two decades Ms. Knudsen dedicated herself to CS and worked without any significant issues

9. Unfortunately, Ms. Knudsen was forced to request a period of FMLA leave to treat her son's serious health condition.

10. CS approved Ms. Knudsen's leave.

11. On September 14, 2020, Ms. Knudsen returned from leave to work under Manager, Stephanie Baumgartner ("Ms. Baumgartner").

12. Instead of allowing Ms. Knudsen to return to her previous role, and her same involvement with important projects/clients, Ms. Baumgartner purposely excluded Ms. Knudsen from key roles of her position.

13. Worse, when Ms. Knudsen would inquire for direction, Ms. Baumgartner directed Ms. Knudsen to a co-worker, "Eric," as if she now somehow reported to Eric.

14. Ms. Knudsen brought up her concerns to Ms. Baumgartner regarding her negative treatment since returning from leave.

15. In response, Ms. Baumgartner stated, "we had to pick up the pieces when you took your leave."

16. Ms. Knudsen reached out to Human Resources several times to help mediate a resolution to the retaliation, but Human Resources refused to get involved.

17. As a result, Ms. Knudsen requested to be transferred to a different team.

18. Defendant advised Ms. Knudsen that she would need to take a demotion, including a pay cut to be transferred.

19. Left between continuing to suffer retaliation and the transfer offer, Ms. Knudsen accepted the pay cut and temporary reassignment.

20. Any reasonable person in Ms. Knudsen's position would have acted similarly.

21. On November 30, 2020, Ms. Knudsen started her temporary assignment and worked without issues as she waited to be reassigned to the role she previously enjoyed prior to taking FMLA leave.

22. However, Defendant never reassigned Ms. Knudsen to the position she worked at prior to taking FMLA leave.

23. Instead, on February 8, 2021, Ms. Knudsen was presented with a notice of her termination.

24. The timing of Plaintiff's retaliation and subsequent termination, immediately after availing herself to a period of protected FMLA leave, demonstrates that Defendant interfered with and retaliated against Ms. Knudsen for exercising her FMLA rights.

25. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of FMLA leave Defendant's actions likewise constitute FMLA retaliation.

26. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

27. Defendant failed to restore Plaintiff to a substantially similar position after Plaintiff's return from FMLA leave.

28. The timing of Plaintiff's use of protected FMLA leave, and Defendant's adverse employment action, including termination of her employment, alone

demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

29. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

30. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- INTERFERENCE UNDER THE FMLA

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above.

32. At all times relevant hereto, Plaintiff was protected by the FMLA.

33. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

34. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to restore Ms. Knudsen to the same or equivalent position upon her return from FMLA leave.

35. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff in her attempt to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30, above.

38. At all times relevant hereto, Plaintiff was protected by the FMLA.

39. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

40. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA protected leave.

41. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take leave pursuant to the FMLA.

42. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for her attempted use of FMLA protected leave or for her use of what should have been FMLA protected leave, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief,

declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 4th day of February, 2022.

Respectfully Submitted,

By**:***/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*